Colleen A. Snyder (SB No. 274064)
colleen@snydershaw.com
Snyder & Shaw LLP
3220 S. Higuera St. Suite 220
San Luis Obispo, CA 93401
Telephone: (805) 439-4646
Facsimile: (805) 301-8030

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.G., by and through his guardian ad litem, KRYSTEL KUHNLE,<br><br>Plaintiff,<br><br>v.<br><br>ATASCADERO UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No.: Unassigned<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF UNDER IDEA (20 U.S.C. § 1415)** |

Plaintiff E.G., by and through his guardian ad litem, KRYSTEL KUHNLE, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action which this Court has original subject matter pursuant to 28 U.S.C. § 1331 as the actions arise under the following laws of the United States: Individuals with Disabilities in Education Act, 20 U.S.C. § 1400 et seq.

2. Venue in this Court is proper under 20 U.S.C. 1391(b) because the Defendant Atascadero Unified School District is located within this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

///

1

**PARTIES**

3. Plaintiff E.G. is a seventeen year old student who resides with his mother, Krystel Kuhnle, in the city of Atascadero, California.

4. E.G. is a special education student who is an individual with exceptional needs within the meaning of that term under California Education Code § 56026.

5. KRYSTEL KUHNLE is the proposed Guardian ad Litem of E.G. Ms. Kuhnle, at all times relevant herein, was, and continues to be, a resident of Atascadero, California.

6. Defendant ATASCADERO UNIFIED SCHOOL DISTRICT ("the District") is a public entity duly incorporated and operating under California law as a school district.

7. The District is the local educational agency responsible for the provision of a free and appropriate public education to E.G.

**PROCEDURAL BACKGROUND**

8. Under the IDEA, the parent of a student with a disability may request a state-level administrative hearing to challenge the appropriateness of the special education services offered and provided by the student's responsible local educational agency. 20 U.S.C. § 1415, subd. (b) and (f).

9. During the pendency of such a hearing, the student has the right to remain in their current educational program. 20 U.S.C. § 1415 (j). This is commonly referred to as the "stay-put" provision of the IDEA, because the student "stays-put" in the last agreed-upon and implemented placement pending resolution of the dispute.

10. In this case, E.G.'s "stay-put" placement is the Individualized Educational Program, or "IEP," dated May 30, 2024. *See* May 30, 2024 IEP attached as "Exhibit 1."

11. The 2024-2025 school year began in the District on August 14, 2024.

12. On August 20, 2024, the District suspended E.G. for his involvement in a physical fight on campus.

13. E.G. was arrested and sent to juvenile hall where he remained for most of September 2024.

14. On October 3, 2024, the District notified Ms. Kuhnle that E.G. was recommended for expulsion.
15. On October 9, 2024, the District conducted a manifestation determination meeting and concluded that E.G.'s behavior for which he was expelled was not a manifestation of his disability.
16. Therefore, the District proceeded to expel E.G. from its schools.
17. E.G. has not been in school or received an educational program since he left juvenile hall at the end of September 2024.
18. On January 17, 2025, Plaintiff filed a due process complaint against the District, challenging the manifestation determination and alleging a denial of a free appropriate public education.
19. On February 11, 2025, the Parties participated in an expedited due process hearing before the Office of Administrative Hearings pursuant to 34 C.F.R. §300.532(c).
20. The administrative law judge, or "ALJ," issued an Expedited Decision on March 6, 2025. *See* Expedited Decision in OAH Case No. 2025010625, attached as "Exhibit 2."
21. In his decision, the ALJ reversed the District's manifestation determination, finding that E.G.'s behavior for which he was expelled had a direct and substantial relationship to his emotional disability.
22. The ALJ ordered that the District "expeditiously place Student [E.G.] in an alternative educational environment capable of implementing his IEP and with one-to-one support," for a period of 45 days.
23. The unexpedited hearing to decide the remainder of Plaintiff's issues raised in his complaint is scheduled to begin on April 22, 2025.

**FACTUAL ALLEGATIONS**

24. E.G. is a seventeen-year-old young man who is eligible for special education due to Emotional Disability and Other Health Impairment.

3

25. E.G. has significant deficits in all areas of academics, emotional regulation, and impulse control.

26. He was previously placed in a therapeutic residential treatment center due to the significance of his mental health needs.

27. The most recent authorized and implemented IEP developed by the District for E.G. is dated May 30, 2024. *See* IEP attached as "Exhibit 1."

28. The May 30, 2024 IEP offered specialized academic instruction for 1350 minutes per week, in a group setting. *Id*. at 10.

29. The comments of this service indicated that it would be provided in the "Learning Center Setting," for six periods per day, and two periods in the "Therapeutic Learning Center Classroom." *Id*.

30. The placement was to be implemented at Atascadero High School in the District.

31. Ms. Kuhnle signed the IEP on June 2, 2024, and it was implemented at the start of the 2024-2025 school year.

32. In his Order, the ALJ determined that E.G. should not return to Atascadero High School, as the Parties agreed it was not appropriate for E.G. to be on a large, comprehensive high school campus. *See* Exhibit 2 at 25.

33. Instead, the ALJ ordered that the District provide E.G. with an interim alternative educational setting for 45 school days.

34. Specifically, the ALJ ordered the District to place E.G. "in an alternative educational environment capable of implementing his IEP and with one-to-one support." *Id*. at 28.

35. On March 7, 2025, Plaintiff's counsel emailed the attorney for the District to inquire about the interim alternative setting.

36. The District's lawyer responded that E.G. could work with a teacher at the District office for three hours per day.

37. Plaintiff objected to this arrangement, as E.G.'s IEP stated his special education services were to be provided in a group setting, and the ALJ had ordered the District to implement

4

his IEP, with one-to-one support.

38. On March 12, 2025, the District's lawyer responded that the District would allow E.G. to enroll in its continuation high school, Paloma Creek, where he would attend classes "with a small group of students (5-6 or so) and a general education teacher…."

39. As this appeared to be consistent with the ALJ's Order and the May 30, 2024 IEP, Plaintiff agreed to this arrangement.

40. E.G.'s first day at Paloma Creek was on March 18, 2025.

41. E.G. arrived at school at the designated time, and was greeted by District administrators and a security guard.

42. The administrators asked E.G. to meet with them before he would be permitted to attend class.

43. E.G. became upset and anxious and immediately left.

44. After much discussion between attorneys for the Parties, E.G. returned to school on Wednesday, March 19, 2025.

45. However, instead of the teacher the District had promised would be there to support him, he was assigned to work one-on-one with the school principal.

*46.* Moreover, E.G. did not appear to be enrolled in any classes.  He worked by himself in a room with the principal, and was watched by a District administrator, Leandra Santoianni, and a District security guard, Sid Rodriguez.

47. During the afternoon of March 19, 2025, E.G. attended what the District called a science class with Ms. Santoianni, Mr. Rodriguez, and a man who appeared to be a teacher present.

48. No other students were present in the classroom with E.G.

49. On Thursday, March 20, 2025, E.G. returned to school at Paloma Creek, accompanied by psychologist Dr. Paula Solomon who was observing him as part of an assessment she was conducting.

50. Dr. Solomon observed E.G. work alone with a substitute teacher for approximately one

5

|   |   |   |
|---|---|---|
| 1 |  | hour, with Ms. Santoianni and Mr. Rodrigues in the back of the room watching. |
| 2 | 51. | E.G. was allowed to take a break to play basketball alone in the gym. |
| 3 | 52. | Thereafter, Dr. Solomon left and E.G. followed behind her. |
| 4 | 53. | At no time were any other students present or attending classes with E.G. |
| 5 | 54. | Plainiff is informed and believes that there are approximately 100 students enrolled at Paloma Creek, most of whom attended classes of about twenty students each, from approximately 8:45 a.m. to 12:40 p.m. each day. |
| 8 | 55. | This is consistent with the schedule Paloma Creek has posted on its website. |
| 9 | 56. | Instead of allowing E.G. to attend these small classes, with one-to-one support, the District has created a separate schedule for E.G. where he is not enrolled in classes with other students. |
| 12 | 57. | This is not consistent with the May 30, 2024 IEP, which called for specialized academic instruction *provided in a group setting*. |
| 14 | 58. | The District refuses to comply with the ALJ's Order to implement E.G.'s IEP with one-to-one support. |

### FIRST CLAIM FOR RELIEF

*Enforcement of Administrative Order under IDEA*

|   |   |   |
|---|---|---|
| 18 | 59. | Plaintiffs refer to, and incorporates herein by reference, all of the preceding paragraphs as though fully set forth herein. |
| 20 | 60. | E.G. has a right to remain in his current IEP placement through a resolution of the pending due process hearing. |
| 22 | 61. | Plaintiffs sought and obtained an order from the Office of Administrative Hearings directing the District to provide E.G. with an alternative placement where his IEP could be implemented. |
| 25 | 62. | The District has failed to comply with the administrative order. |
| 26 | 63. | As a direct result of the District's failure to comply with the administrative order, Plaintiff is subjected to irreparable injury. |

6

64. E.G. has been denied access to an educational program for approximately six months, and his mental health is suffering greatly.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests the following relief:

65. An injunction ordering the District to comply with the administrative order, and implement Plaintiff's IEP in an alternative educational setting, specifically:

   a. Provide Plaintiff with group specialized academic instruction at Paloma Creek for 1350 minutes per week, with one-to-one support; and

   b. Transportation services between home and school.

66. Attorneys' fees and costs of suit incurred herein; and

67. For such other relief as this Court may deem just and proper.

Respectfully submitted,

Dated: March 28, 2025                     /S/ COLLEEN A. SNYDER
                                          Colleen A. Snyder
                                          Attorney for Plaintiff

7